## SMYTHE v. UNITED STATES.
### No. 4268.

Circuit Court of Appeals, First Circuit.
July 26, 1948.

John E. Hartnett, Jr., of Boston, Mass. (Norman von Rosenvinge, of Boston, Mass., on the brief), for appellant.

William B. Waldo, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen. and A. F. Prescott and Frank A. Michels, Sp. Assts. to the Atty. Gen., and George F. Troy, U. S. Atty. and Edward M. McEntee, Asst. U. S. Atty., both of Providence, Rhode Island, on the brief), for appellee.

Before MAGRUDER, GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

GOODRICH, Circuit Judge.

This action was commenced by a petition filed by the United States in the District Court for the District of Rhode Island for the condemnation of certain land[1] in Rhode Island which was owned by Bettie

---

[1] The action was instituted under the provisions of Act of August 1, 1888 and the Act of February 26, 1931, 25 Stat. 357 (1888), 46 Stat. 1421 (1931), 40 U.S.C.A. §§ 257, 258a.

Smythe, the appellant. There is no question of the amount of compensation or the propriety of the taking. The only dispute is between appellant and the United States regarding the latter's claim as to part of the compensation paid into court, based upon an asserted tax lien against the estate of Frederick W. Smythe, of which appellant is executrix. Our chief difficulty is the paucity of information to be gleaned from the record. This has led both parties to offer surmise and speculation as a substitute for statements of fact.

This much, we think, is clear and undisputed. Frederick W. Smythe, the former owner of the land taken, died testate on April 14, 1938, at Yonkers, New York. His estate, of which the appellant is the executrix, owed an unpaid federal estate tax balance of $13,093.91 which sum, with interest, exceeded the amount left on deposit in the Registry of the Court after it had ordered a partial payment to appellant of the amount deposited.[2] The Government asserts a lien for the unpaid taxes against the property in controversy and its proceeds, even though that property was purchased from the estate by the appellant. Its statutory support is Int.Rev.Code, § 827(a), 26 U.S.C.A.Int.Rev.Code, § 827(a), which provides: "Unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien. * * *" Ten years since the death of Frederick Smythe had not gone by at the time the District Court rejected appellant's contention that the lien had never attached or, in the alternative, that it had been discharged by operation of law before or with the appellant's purchase. 1946, 65 F.Supp. 843. The appellant thereupon was ordered to pay the difference between what was left in the Registry of the Court and the amount due in taxes plus interest. This sum was ordered paid to the United States. It is from this order that the appeal is taken.

We could correctly dispose of this case on the basis that one who alleges error must show it, and upon this record there is nothing to show mistake in either the proceedings or the result thereof. However, we fully realize that a lawyer who comes into a case at the appellate stage takes his record as he finds it, as do we. We have thoroughly gone through the proceedings below to see whether there is basis for the legal points made. We find none.

█ The appellant does not press the point here that the lien had been discharged by operation of law before or by the appellant's purchase. It would be useless if she did. In Detroit Bank v. United States, 1943, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304, it was held that the lien not only attaches at the death of the decedent without an assessment of the estate tax but that its purchase by a bona fide purchaser does not discharge the lien. And it is clear that the lien attaches to the money substituted for the land in a condemnation proceeding. United States v. 25.936 Acres of Land, 3 Cir., 1946, 153 F.2d 277; see People of Puerto Rico v. United States, 1 Cir., 1942, 131 F.2d 151.

█ The appellant says, however, that she never had an opportunity to establish that the lien had been discharged as provided by the statute, that is, by showing that the proceeds received from the sale of the property to her in her individual capacity were used to pay certain debts of the estate. She says that this was because she was unaware of the Government's assertion of such lien and that when she learned of it the Court afforded no opportunity to meet the claim. She says, more-

[2] The amount deposited by the Government was $60,000. An Act of Congress approved February 26, 1931, provides: "Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceed- ing. * * *" 46 Stat. 1421 (1931), 40 U.S.C.A. § 258a. It was in accordance with this provision that the appellant received $40,000 on account with the proviso in the order that in event her interest was less she would pay over any sum due to the proper persons.

over, that on the entire record the Judge had no basis on which to find that a lien had ever existed.

Our reading of the record and the docket entries, the relevant parts of which are set out below,[3] does not support her contention

[3] "Clerk's Docket Entries.

Sept. 30, 1941    Petition for condemnation filed $5.00 Declaration of taking filed. Order and judgment on declaration of taking entered and filed, order of notice returnable within sixty days of service of said order. $60,002 deposited in Registry of Court.

Oct. 1, 1941    Marshal's return on order and judgment on declaration of taking on (original order).

Oct. 3 & 6, 1941    Marshal's return on order and judgment.

Oct. 16, 1941    Marshal's return from District of Virginia as to defendant Bettie H. Smythe re: service of order and judgment on declaration of taking.

Nov. 17, 1941    Continued to next term.

Nov. 26, 1941    Appearance J. Russell Haire for Bettie H. Griswold, formerly Bettie H. Smythe and the Newport Nurseries, Inc.

* * *    * * * *

March 14, 1942    Petition for payment on account of just compensation filed by Bettie H. Smythe.

March 16, 1942    Heard on petition for payment on account of just compensation to Bettie H. Smythe and interlocutory judgment is entered and filed in accordance with the petition.

* * *    * * * *

March 8, 1945    Petition for disbursement of funds to Bettie H. Smythe filed and assigned for hearing April 2, 1945.

* * *    * * * *

April 16, 1945    Case called for hearing on motion for entry of judgment re: Bettie H. Smythe and on petition for disbursement of funds to Bettie H. Smythe and both continued to May 7, 1945.

April 19, 1945    Appearance George F. Troy, U. S. Attorney, and Edward M. McEntee, Assistant U. S. Attorney for Col. Int. Rev. 14th Dist. of New York filed. Appearance Jerome Beaudreau (?) for Bettie H. Smythe filed. Second Application for disbursement of funds to Bettie H. Smythe filed and order entered thereon accordingly. Stipulation for judgment filed and judgment entered and filed accordingly fixing just compensation.

* * *    * * * *

May 7, 1945    On Motion for summary judgment—hearing discontinued. Case heard on motion for distribution to parties of the sum of $62,500. Heard and held under advisement, memos to be presented by both parties by May 21, 1945, supplemental memos to be presented by May 28, 1945.

May 17, 1945    Separate Answer of Commissioner of Internal Revenue to petition for distribution fixed by U. S. Attorney.

* * *    * * * *

May 17, 1946    Opinion filed directing entry of judgment for the United States re: claim of Bettie H. Smythe.

* * *    * * * *

July 25, 1946    Motion for entry of order of distribution of condemnation award filed and assigned for hearing Aug. 5, 1946.

Aug. 5, 1946    Case called on above motion and continued to Aug. 19, 1946.

Aug. 19, 1946    Called for hearing on above motion. No objection-motion granted. Order of distribution of condemnation award entered and filed."

on the lack of opportunity to be heard. The petition for condemnation was filed on September 30, 1941, and a judgment upon the declaration of taking was entered the same day. But the matter of who was to get the proceeds and in what portions, was not brought to bloom until March 8, 1945, when the United States filed a petition for disbursement. The petition, among other matters, stated that the United States "has or may have a lien or claim for Federal Inheritance Taxes against the Estate of Frederick W. Smythe * * * former owner of said land." It requested that the District Court issue citations to the Collector of Internal Revenue for the District of the decedent's residence and to Bettie Smythe in order that they might answer the assertion that there existed a tax lien on the proceeds. The attorney for the Collector of Internal Revenue filed his appearance on April 19, 1945. Another indication of the appellant's awareness of the Government's assertion of the lien was the provision in a stipulation fixing the fair value of the land, by which Bettie Smythe and the Government agreed that nothing contained therein was an admission of "any personal liability for any outstanding taxes due the United States of America." Upon this petition the court issued an order setting a hearing on the matter with notice to the parties involved. After several postponements the hearing was had on May 7, 1945, and briefs on the legal points raised were later submitted.

Despite these indications of opportunities to raise the defense now stressed, appellant says that the fact that the Collector did not file his Answer to the petition of the Government until May 17, 1945, ten days after the hearing, shows that she had no opportunity to defend. She points to facts stated in the District Court's opinion which are based on the allegations in this Answer. There is error, she claims, in using the material therein in the decision of the case. But although a year elapsed between the time of the filing of the Collector's Answer and the handing down of the opinion, the record reveals no action on the appellant's part to controvert the allegations contained in the Collector's Answer by argument, evidence or pleading. We have, furthermore, the suggestion by the Government that the Collector's Answer merely put in formalized form the points discussed at the May 7th hearing. In any event, the docket entry for August 19, 1946, shows, we think, that appellant while aware of the Government's claim had, at that time, asserted no defense to it. Three months after the opinion in which the court held that the Government had a lien and was entitled to the money, the United States filed a motion for the entry of an order of distribution in conformance with that opinion. Even at that time appellant did not object to the entry of the decree from which she now appeals, although it ordered her to pay some of the money already received back into court.

■ Once the Government showed the existence of the lien the burden of proving its discharge was upon the appellant. In the court below she asserted reasons which had no legal validity. The argument here makes the point that facts negativing the discharge of the lien by one or more of the statutory methods were not shown. We think that burden was upon the appellant and was not met.

■ The other points argued as grounds for reversal relate to whether there was sufficient evidence to find that there was ever a lien on the land in the first place. No further comment is required than to point out that it was not denied that Frederick Smythe's estate owed the money and that he had owned the land at the time of his death. As previously indicated, whether appellant was a bona fide purchaser has no legal significance as to the continuance of this lien.

Judgment affirmed.