**Birdie R. HUDSON, Plaintiff,**

v.

**Stuart L. CRENSHAW, Collector of Internal Revenue for the District of Virginia, Defendant.**

**Civ. A. No. 1343.**

United States District Court
E. D. Virginia, Norfolk Division.

Dec. 21, 1954.

Judgment Affirmed July 18, 1955.

Kellam & Kellam, Edwin C. Kellam, Norfolk, Va., for plaintiff.

L. S. Parsons, Jr., U. S. Atty., John M. Hollis, Asst. U. S. Atty., Norfolk, Va., Benj. H. Pester, Sp. Asst., Tax Division, Washington, D. C., for defendant.

HOFFMAN, District Judge.

On the hearing of the motion for summary judgment filed by defendant, the factual situation appears to be as hereinafter stated.

Plaintiff, Hudson, filed a petition (in the form of a motion) in this Court on November 6, 1951, requesting the Court "to dismiss and expunge from the record a certain judgment illegally and erroneously secured" and entered upon the judgment docket book in Princess Anne County, Virginia, in favor of the United States against the plaintiff and others, dated March 14, 1951, docketed March 15, 1951, in the sum of $2,448.27, plus $122.41 penalties. The petition affirmatively states that the plaintiff is in no manner interested in the use of any still, distillery, or distillery apparatus which has produced distilled spirits. It is further alleged that no demand was ever made upon plaintiff for payment of the tax;

that the action of the defendant, Collector, was arbitrary, illegal and erroneous; that application was made by plaintiff to the Collector to expunge the judgment and lien of record, which the Collector refused to do; and that the "unjust and unfounded tax" was levied under § 2800 of Title 26 U.S.C.A. (provisions relating to tax on distilled spirits).

To this petition the defendant filed a motion to dismiss alleging lack of jurisdiction.

The matter came on to be heard before District Judge R. N. Wilkin who, by his memorandum filed on June 12, 1952, held that the purpose of the action was to clear the lien on plaintiff's property and that the United States was a necessary party. The Court withheld the entry of an order on the motion to dismiss to permit plaintiff to join the United States as a necessary party.

Under date of June 9, 1953, an order was entered by District Judge Albert V. Bryan granting plaintiff leave to file an amended complaint to clarify the issues. The amended petition asserts that (1) plaintiff is an honest, law-abiding citizen operating a large wholesale and retail barbecue business in which endeavor he has been so engaged for eight years; (2) that he has never engaged in, nor had any interest in, the manufacture of distilled spirits, nor is he indebted to the United States or any other person for taxes on the manufacturing of distilled spirits; (3) that without notice or foundation in law, the defendant, Collector, "arbitrarily, illegally and erroneously" caused to be entered the lien heretofore referred to in Princess Anne County, Virginia, and, additionally, caused the same lien to be docketed in the Corporation Court of the City of Norfolk, Virginia, together with an attachment against plaintiff's bank account in the Southern Bank of Norfolk; (4) that the purported assessment was invalid in law and not within the scope of the authority given to the Collector; (5) that the assessment in question was not a tax, but a penalty, and could not be enforced by the Collector; and (6) that the entry of the liens

referred to constituted a cloud on the title of plaintiff's property, has illegally tied up his bank account, and, *by such assessment, plaintiff has been charged with the commission of a crime in the illegal manufacture of intoxicating liquors contrary to the laws of the State of Virginia.* The prayer for relief requests the Court to order the defendant, Collector, to mark as "erroneous" the lien records in the several Clerk's Offices, to release the levy or attachment of the bank account, and that the Collector be enjoined from proceeding further "in this cause".

While the amended complaint is somewhat ambiguous, it may be presumed that plaintiff seeks his relief only as to his own interests and not as to liens relating to the other parties named as judgment debtors. In addition, the request for injunctive relief will be interpreted as seeking an injunction against the Collector from the enforcement of the alleged liens and not to restrain the defendant from "proceeding further" in the action instituted by plaintiff.

The defendant thereupon filed a motion to dismiss the amended complaint asserting:

(1) The action to restrain the collection of a tax cannot be maintained. § 3653(a), Title 26 U.S.C.

(2) The Court is without jurisdiction.

(3) The facts alleged are insufficient to justify relief.

(4) The plaintiff has an adequate remedy at law.

In a memorandum opinion by District Judge Bryan filed September 30, 1953, the motion to dismiss was denied without prejudice to the subsequent assertion of the same grounds, for the reason that the record did not then adequately present the points made in the motion. Judge Bryan held that the amended petition constituted a suit to annul, by mandatory injunction or restraint, the asserted liens or distraint as being entirely without foundation in law. After permitting defendant to answer the amended complaint, the District Judge made the pertinent observation that plaintiff had made *"no attempt to justify equitable relief, in lieu of the remedy provided at law, upon the existence of exceptional circumstances warranting recourse to equity".* It is apparent that the District Judge then hearing this motion to dismiss was, in effect, advising plaintiff that if the assessment was in fact a tax, as distinguished from a penalty, and otherwise validly assessed, the plaintiff would have no recourse in the absence of "exceptional circumstances". No further amendment of the complaint has been requested.

The defendant filed his answer alleging the assessment of distilled spirits taxes against plaintiff and others pursuant to § 2800 of the Internal Revenue Code, 26 U.S.C. § 2800, and attached to the answer a certified copy of the assessment. The remaining allegations of the amended complaint are either denied or not otherwise admitted, excepting, however, paragraph six (6) of the amended complaint to which defendant states the dates on which he, in his capacity as Collector of Internal Revenue, (1) received the assessment list, (2) made demand for payment upon plaintiff and other joint and several assessees on the list, (3) filed the notice of lien heretofore referred to and (4) served the notice of levy upon the Bank heretofore mentioned to distrain upon plaintiff's property.

Thereafter, defendant filed a motion for summary judgment on the same grounds as previously asserted in the motion to dismiss argued before Judge Bryan. This motion is supported by an affidavit of defendant corroborating the factual allegations of the answer.

Nearly one year later, on October 13, 1954, and only two weeks prior to argument on the motion for summary judgment, plaintiff filed a motion for production of documents under Rule 34, Fed. Rules Civ.Proc. 28 U.S.C. seeking to obtain the report made by the investigators of the Alcohol Tax Unit alleged to constitute the basis of the assessment made by the Commissioner of Internal Revenue. The Court was not advised as to the filing

of this motion and knew nothing of its contents or purpose until the oral argument on the motion for summary judgment on October 27, 1954.

In open court at the time of argument counsel for plaintiff was permitted to file an affidavit (to be treated as a counter-affidavit in opposition to the motion for summary judgment) alleging certain facts which, if true, unquestionably show that there was no basis *in fact* for the assessment against plaintiff, as distinguished from other parties to the judgment lien.

For the purpose of ruling on the motion for summary judgment, and after an extensive review of the pleadings, it would appear that *the single issue for determination is whether or not a suit by way of mandatory injunction may be maintained against the Collector of Internal Revenue where the only "extraordinary or exceptional circumstance" alleged is that the effect of the assessment against the plaintiff constitutes a charge of the commission of a crime relative to the illegal manufacture of intoxicating liquor.* It is obvious that Judge Bryan, in his memorandum opinion, held, by way of dicta, that such an allegation was insufficient to warrant recourse to equity.

 The Court is mindful of the fact that plaintiff contends the assessment was "arbitrary, illegal and erroneous", but to permit plaintiff in this case to open this phase of the case without resorting to the other remedies afforded him by way of claim for abatement or an action for refund after payment of the tax would literally "flood" the District Courts with prolonged litigation requiring searching inquiries as to the basis of each and every assessment. Whether or not a tax is rightfully due from a claimed taxpayer may be determined only by the processes established by Congress unless, in fact, extraordinary or exceptional circumstances exist. Jacoby v. Hoey, 2 Cir., 86 F.2d 108. The claimed taxpayer herein could have filed a claim for abatement of the tax with the Commissioner of Internal Revenue pursuant to Regulation No. 14, Revised, approved January 25, 1916. This claim should be filed on Form 843 of U. S. Treasury Department. As long as there is an administrative remedy available to a claimed taxpayer, the Court should not interfere in the absence of extraordinary or exceptional circumstances, since it is always assumed that any illegally assessed or collected tax will be abated or refunded when the illegality or error is called to the attention of the proper administrative officer in the proper manner. It is too well settled to permit argument that a suit will not lie to restrain the collection of a tax upon the sole ground of its illegality. Congress did not establish the District Courts for the purpose of apportioning or equalizing taxes, or to make assessments. To grant such relief on this sole ground would delay payment even to the extent of a taxpayer possibly escaping the lawful burden of taxation, thereby thwarting the collection of revenues for the support of the government. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 76 L.Ed. 422.

§ 3653(a), Title 26 U.S.C., provides:

"Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

It is contended that the present action is not to restrain the assessment or collection of a tax, but is by way of mandatory injunction to require the removal of the lien. In the opinion of the Court, the effect is one and the same; certainly plaintiff cannot do indirectly what cannot be done directly. It follows that § 3653(a) is applicable to this case in the absence of any showing of special and extraordinary circumstances. The excepted sections of 3653(a) have no application here.

The authorities have almost universally held that the assessment on "distilled spirits" levied under § 2800, Title 26 U.S.C., constitutes a "tax" rather than a "penalty". U. S. v. Glidden Co., 6 Cir., 119 F.2d 235, certiorari denied, 314 U.S.

**170**

678, 62 S.Ct. 182, 86 L.Ed. 542; Ferroni v. U. S., 7 Cir., 53 F.2d 1013, certiorari denied, 285 U.S. 543, 52 S.Ct. 395, 76 L.Ed. 935; U. S. v. United States Industrial Alcohol Co., 4 Cir., 103 F.2d 97. There is some authority to the contrary. Long v. Kelly, D.C., 100 F.Supp. 235, holds that the tax was a penalty in the guise of a tax but, if not a penalty, exceptional circumstances existed which justified relief where the tax was illegal, arbitrary and capriciously imposed.

The recent case of Milliken v. Gill, Director, etc., 4 Cir., 211 F.2d 869, 873, appears to be controlling and generally reviews the authorities justifying injunctive relief in cases involving " 'extraordinary and entirely exceptional circumstances' ", citing Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Miller v. Standard Nut Margarine Co., supra; Yoke v. Mazzello, 4 Cir., 202 F.2d 508; Shelton v. Gill, 4 Cir., 202 F.2d 503. In the Milliken case Judge Parker stated:

> "Neither the fact that appellants claim that they do not owe the tax, nor that it has been illegally and improperly assessed against them is any ground for granting the injunction, nor is the fact that the collection of the tax will result in hardship, nor that they failed to secure the loan to make the $30,000 payment as a result of delay on the part of government officials. The collection of the revenues of the government would be greatly interfered with if injunctions were to issue on any such grounds; and it was the clear purpose of 26 U.S.C. § 3653 to prevent this from happening."

The contention that plaintiff in this case has been charged with the commission of a crime through the medium of a tax assessment is untenable. If such were the case, every taxpayer could conceivably be charged with "tax evasion" merely because an assessment is made which may be in excess of the amount returned for taxation by the taxpayer.

The motion for summary judgment will be granted and this action dismissed

without prejudice to the rights of the taxpayer to proceed according to the statutes and administrative remedies in such cases made and provided.

Counsel for the defendant will prepare an appropriate order in accordance with this opinion.