Arline GORDON, formerly Arline Laub, Arnold Laub and Arline June Gordon, et al., Plaintiffs,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, United States of America, et al., Defendants.

No. 34879.

United States District Court
N. D. California, S. D.
May 3, 1957.

Marcel E. Cerf, Robinson & Leland, San Francisco, Cal., for plaintiffs.

Rhein, Dienstag & Levin, San Francisco, Cal., for defendant Bank of America Nat. Trust & Savings Ass'n.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., Leon Yudkin, Sp. Asst. to the Regional Counsel, I. R. S., San Francisco, Cal., for defendant United States.

HARRIS, District Judge.

Plaintiffs have brought an action to quiet title to certain property against defendants. The United States has moved to dismiss as to it on the ground that this Court has no jurisdiction and is not empowered to grant the relief sought.

Plaintiffs allegedly are owners of certain property which they obtained under a declaration of trust made by one Marcus M. Laub, deceased. The instrument is dated September 21, 1949. The trustor-donor died April 7, 1954. The de-

fendant Bank of America is one of the executors under the last will and testament.

In their complaint plaintiffs allege that they are the owners of the property in question free of any liens. They further allege that the United States is about to assert a lien or claim upon the property for federal estate tax purposes in amounts unknown to plaintiffs. In order to obtain a determination of this question they have commenced the instant action.

The defendant relies upon four grounds in support of its motion: (1) It has not consented to be sued; (2) Section 2410 of Title 28 does not permit the joinder of the United States; (3) Plaintiffs have not exhausted their administrative remedies; (4) Declaratory judgment may not be issued for federal taxes.

Unless plaintiffs are entitled to sue under 28 U.S.C.A. § 2410, the present action does not lie against the government. This section provides that the United States may be joined as a party in any civil action or suit in any District Court or State Court "having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real * * * property on which the United States has or claims a * * * lien."

█ Commercial Credit Corporation v. Schwartz, D.C., 126 F.Supp. 728, 729, holds that this section does not permit the joinder of the government as a defendant in a suit whose primary purpose is to ascertain tax liability. Title 26 U.S.C.A. § 6151(a) and other sections provide the means for ascertaining tax liability.

█ Moreover, the Courts have held that litigants may not obtain declaratory judgments with respect to a determination of federal taxes. Wilson v. Wilson, 4 Cir., 141 F.2d 599; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Hudson v. Crenshaw, D.C., 130 F.Supp. 166. Cf. Commissioner v. Proctor, 4 Cir., 142 F.2d 824, 154 A.L.R. 1215.

Plaintiffs' principal reliance is placed upon Smythe v. United States, 1 Cir., 169 F.2d 49. This case involved a question of priority of lien, rather than the existence of a lien itself. In this latter case the Government brought condemnation proceedings relating to certain property which had been purchased from an estate by a bona fide purchaser. The estate owed taxes without sufficient liquid funds to cover such taxes unless a lien be imposed on the property in question. The lien attached at the time of death and followed the proceeds of the property when it was sold. The government was entitled to receive its taxes out of such proceeds as against the bona fide purchaser who took subject to the lien. The Court's holding is to the effect that purchase of the property does not discharge the lien.

Plaintiff believes that the Smythe case is authority for the propriety of adjudicating in a civil action whether the government may assert a claim against property which is purportedly owned free of lien. The United States in turn reads the decision as one which holds that the Government's tax lien is superior to the interest of a bona fide purchaser. The latter appears to be the actual holding of the case. The action was one for condemnation brought by the Government and the incidental relief accorded the bona fide purchaser does not suggest that he might have instituted a declaratory judgment action on his own initiative.

█ Defendant United States makes its motion to dismiss primarily because it believes the present quiet title action may be used as a device for circumventing the regular procedures prescribed for ascertaining tax liability and the existence of tax liens. While plaintiff is merely asking this Court to rule whether there is or is not a tax lien upon the realty in question, this is a problem which should be passed upon by the Collector of Internal Revenue when he performs his functions. Thus, this Court is asked to segment one phase of the duty thrust upon the Bureau of Internal Revenue. Defendant argues

774

that this will make for piecemeal litigation and duplication of effort.

Finally, defendant asserts plaintiffs are not being too seriously inconvenienced by their need to wait for the estate to be handled under regular procedure. More than three years have elapsed since the date of decedent's death. The schedules are already on file. A prompt audit may be requested and the liability of the estate may be ascertained. The District Director may issue a certificate of nonattachment which will afford plaintiffs the very relief which they seek in the present action. Furthermore, the beneficiaries under the trust and the recipients under the will are the same persons, who themselves can in large measure control the speed at which their rights will be adjudicated by the District Director.

Accordingly, it is ordered that the motion to dismiss be, and the same hereby is, granted.