Rose W. LYNN, as Administratrix of the Estate of Louis R. Lynn, Deceased, Plaintiff,

v.

Thomas E. SCANLON, District Director of Internal Revenue for the Eastern District of New York and United States of America, Defendants.

No. 63–C–1050.

United States District Court
E. D. New York.
June 1, 1964.

Casualty Co. of New York v. Henderson, 128 F.2d 1019 (5 Cir. 1942).

Benjamin B. Wesley, Woodhaven, New York, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, Martin Wright, Asst. U. S. Atty., of counsel, for defendants.

ZAVATT, Chief Judge.

In the instant action the plaintiff, Rose W. Lynn, as administratrix of the estate of Louis R. Lynn, asserts three claims against the District Director of Internal Revenue and the United States. The first claim seeks judgment declaring a penalty assessment of $603.61 invalid and unauthorized by law, and the issuance of temporary and permanent injunctions restraining the defendants from collecting that assessment. In the second claim the plaintiff asks that a notice of tax lien arising on account of said assessment be declared void and removed. The third claim seeks recovery of $72.00 previously paid to the defendants pursuant to a levy arising from said assessment. The plaintiff alleges that this court has jurisdiction of these three claims under 28 U.S.C. §§ 1340, 1346(a) (1). The Government's defense is that the assessment was proper in all respects, authorized by law and that the plaintiff has failed to state a claim upon which relief can be granted. In addition, the defendants have interposed a counterclaim for an adjudication

that the plaintiff is liable to the United States for the unpaid balance of $531.61 of the assessment, plus interest thereon. The case is now before this court on cross motions, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.

During all times pertinent to the instant proceeding, the decedent was Secretary-Treasurer of Roda Construction Corp. (hereinafter Roda), a now defunct corporation. During the second quarter of 1953 Roda withheld from the wages paid to its employees, the sum of $603.61 as withholding and F.I.C.A. taxes. In July of 1953 it filed the required Form 941 return reporting that such taxes had been withheld. The facts further reveal that in September of 1953 Roda filed a final return with respect to employee withholding and F.I.C.A. taxes reporting that it had ceased to pay wages after June 30, 1953, and had gone out of business.

On September 9, 1954, the decedent filed a voluntary petition in bankruptcy, listing the United States as a creditor. He was adjudged a bankrupt on that same day and on February 28, 1955, an order of this court discharged the decedent in bankruptcy. On March 17, 1955, the District Director filed a proof of claim in the bankruptcy proceeding asserting that the decedent was indebted to the United States in an "Unliquidated Amount for Internal Revenue Taxes." Accompanying this proof of claim was a letter of transmittal in which the District Director stated: "An agent has been assigned to conduct an investigation in this proceeding and upon receipt of his report, a proof of claim will be filed to cover unpaid Internal Revenue Taxes which may be due." On March 19, 1956, the District Director filed another proof of claim asserting that the decedent was indebted to the United States for $102.80 for 1954 personal income tax. The letter of transmittal stated that "The attached proof of claim supersedes, amends and should be filed instead of unliquidated claim filed by you March 17, 1955."

On March 15, 1957, following a conference between the decedent and Internal Revenue Service agents on February 5, 1957, the District Director assessed the $603.61 penalty against the decedent pursuant to Section 2707(a) of the 1939 Code, Int.Rev.Code of 1939, ch. 25, § 2707(a), 53 Stat. 290.

"§ 2707. Penalties [1]

"(a) Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700(a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. * * *

"(d) The term 'person' as used in this section includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

The decedent made no voluntary payments under this assessment and on June 23, 1958, the defendant Director filed a notice of tax lien with the New York City Register, Queens County, New York, upon all the property of the decedent in favor of the United States for the sum of $603.61. Thereafter, on October 21, 1958, the District Director caused a levy to be served upon the decedent's employer; pursuant to this levy his employer paid over $72.00 to the Internal Revenue Service and the decedent's account was credited therefor on December 29, 1958. On March 15, 1960, a claim for the refund of this $72.00 was filed

1. This section is made applicable to the instant assessment by Sections 1430 and 1627 of the 1939 Code, Int.Rev.Code of 1939, ch. 9, § 1430; Int.Rev.Code of 1939, § 1627, added by ch. 120, 57 Stat. 138 (1943).

by the decedent. No notice of disallowance was received by the decedent or the plaintiff after decedent's death. Subsequent claims for the abatement of the assessment have been made by the plaintiff and denied by the Internal Revenue Service.

Louis R. Lynn died on March 22, 1961, and letters of administration were granted to the plaintiff on April 17, 1961, by the Surrogate's Court of Queens County, New York. On May 17, 1961, the defendant District Director filed a proof of claim on behalf of the United States for the outstanding balance of the assessment plus interest thereon, against the decedent's estate. On May 3, 1963, the Surrogate's Court entered an order compelling the plaintiff to render an accounting as administratrix of the Estate of Louis R. Lynn; the plaintiff has filed an appeal therefrom which is currently pending in the Appellate Division of the Supreme Court, Second Department, State of New York.

 Insofar as this action represents a suit for refund of the $72.00 paid by the decedent under the levy arising from the penalty assessment, it is properly before this court. Since disposition of the refund issue turns upon the validity of the assessment, it necessarily places the merits of this action before the court and it is of no moment that each of the parties ask for relief to which they are not entitled. This court is without jurisdiction to entertain plaintiff's requests that an injunction be granted restraining the defendants from attempting to collect the unpaid portion of the assessment and that the pending tax lien be removed. Section 7421(a) of the 1954 Code, 26 U.S.C. § 7421(a), with certain exceptions which are inapplicable herein, prohibits a "suit for the purpose of restraining the assessment or collection of any tax." The Court of Appeals for this Circuit has authoritatively decided that an assessment such as that involved herein comes within the above prohibition. Botta v. Scanlon, 314 F.2d 392 (2d Cir. 1963). Plaintiff's second claim requesting a removal of defendants' tax lien, is as much a suit to restrain the collection of these taxes as is her first claim for an injunction. See Hudson v. Crenshaw, 130 F.Supp. 166 (E.D.Va. 1954), aff'd, 224 F.2d 324 (4th Cir. 1955); Larson v. House, 112 F.2d 930 (5th Cir. 1940). Since it cannot be said that the instant case falls within the exception to the applicability of Section 7421(a) which has been drawn by the Supreme Court in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S. Ct. 1125, 8 L.Ed.2d 292 (1962), i. e., that the plaintiff has no adequate remedy at law and it is clear that under no circumstances could the Government prevail, the plaintiff's motion for summary judgment granting such an injunction and the removal of the tax lien must be denied. Similarly, it is doubtful that the court has jurisdiction to grant defendants' counterclaim, as such, i. e., for an adjudication that the plaintiff is liable to the Government for the unpaid balance of $531.61. This counterclaim arises more than six years after the March 15, 1957 assessment and appears to be barred by Section 1635(d) of the 1939 Code, Int. Rev.Code of 1939, § 1635(d), added by ch. 809, 64 Stat. 538 (1950).[2] However, it is obvious that this point is of little substantive consequence in the instant case. Should the court find that plaintiff is entitled to a refund of the $72.00 this would, under the facts herein, in-

2. Plaintiff commenced the instant action on September 12, 1963 and defendants' counterclaim was filed on December 11, 1963. Section 1635(d) provides:

"§ 1635. Period of limitation upon assessment and collection of certain employment taxes * * *

"(d) Collection after assessment. Where the assessment of any tax imposed by subchapter A of this chapter or subchapter D of this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer."

validate the entire assessment; on the other hand, if the court denies plaintiff's request for the refund, this will necessarily confirm the validity of the assessment and leave the Government free to pursue its tax lien, filed in 1958, and its claim filed in the Surrogate's Court in 1961. See United States v. Ettelson, 159 F.2d 193, 196 (7th Cir. 1947).

To begin with, although the defendants have failed to produce the final Form 941 return filed by Roda, the papers submitted by plaintiff concede that such return was filed in September of 1953. Furthermore, although the plaintiff appears to question whether an assessment was made upon the decedent on March 15, 1957, it is clear from the exhibits accompanying these motions that such an assessment was so made. This leaves open for consideration the three major contentions advanced by the plaintiff:

1. That the March 15, 1957 assessment was barred by the statute of limitations;

2. That plaintiff's liability for such assessment, if valid, was discharged by decedent's discharge in bankruptcy;

3. That, in any event, the assessment was invalid since the decedent did not "willfully" fail to pay over the taxes in question.

■ As to the first contention, it is clear that the assessment was not barred by the applicable statute of limitations. That statute is Section 1635 of the 1939 Code, Int.Rev.Code of 1939, added by ch. 809, 64 Stat. 538 (1950), which provides:

"§ 1635. Period of limitation upon assessment and collection of certain employment taxes

"(a) General rule. The amount of any tax imposed by subchapter A of this chapter or subchapter D of this chapter shall (except as otherwise provided in the following subsections of this section) be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection

of such tax shall be begun after the expiration of such period.

\* \* \* \* \* \*

"(e) Date of filing of return. For the purposes of this section, if a return for any period ending with or within a calendar year is filed before March 15 of the succeeding calendar year, such return shall be considered filed on March 15 of such succeeding calendar year."

In the instant case, the final Form 941 return was filed in September of 1953. Therefore, because it was a return for a period ending within the calendar year 1953, and was filed before March 15 of 1954, the succeeding calendar year, the return is considered under section 1635 (e) to have been filed on March 15, 1954. The assessment, made on March 15, 1957, took place on the last day of the three year period provided for in Section 1635 (a) and was, therefore, timely.

■ Secondly, the plaintiff urges that the liability for this assessment, incurred but not ascertained prior to the decedent's discharge in bankruptcy, was discharged in that proceeding. Although Section 2707(a) denominates this liability as a "penalty," it further provides that it shall be "assessed and collected in the same manner as taxes are assessed and collected." It is the opinion of this court that the assessment pursuant to § 2707(a) is to be regarded as a "tax" rather than a "penalty" and as such is not dischargeable in bankruptcy. Section 17, sub. a (1) of the Bankruptcy Act, 11 U.S.C. § 35, sub. a(1) provides that:

"§ 35. Debts not affected by a discharge

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States, \* \* \*"

The conclusion reached herein that we are dealing with a tax is implicit in Botta v. Scanlon, supra, where the court treated a similar assessment as a tax subject to Section 7421(a). It finds explicit sup-

port in the recent decision of this court in Sherwood v. United States, 228 F.Supp. 247 (E.D.N.Y.1964). In that case Judge Bartels decided this precise question under the 1954 Code counterpart of § 2707 (a) and concluded that an assessment thereunder was not dischargeable under Section 17 of the Bankruptcy Act. He found that:

> "For all intents and purposes these cases place the obligation to collect the tax in the same category as the tax itself. An officer of a corporation who has a duty to collect taxes for the Government and who wilfully fails to do so is in the same position as the corporate employer itself. This liability is not a penalty as that term is generally used, but in reality is a liability for a tax originally imposed upon the corporation and shifted to the corporate officer upon his default. Being a tax due from the bankrupt to the United States, this penalty was therefore not dischargeable under Section 17."

The sole question which remains to be decided is whether the decedent was under an obligation to collect the taxes in question and "willfully" failed to pay them over to the Government. In substance the plaintiff alleges that the decedent acted in good faith and that the sole cause of this liability was one Daniel G. Keefe, the then President of Roda, who allegedly misappropriated these and other monies from the corporation. Regardless of the standard to be utilized in determining the meaning of "willfully" as used in § 2707(a), it seems clear that under the circumstances alleged herein, the case must proceed to trial on this point. See, e. g., French v. United States, 180 F.Supp. 773, 774 (E.D.N.Y. 1960) and cases cited therein.

Accordingly, the plaintiff's motion for summary judgment is denied in all respects. Defendants' motion for summary judgment is granted to the extent that plaintiff's first and second claims are dismissed. To the extent not so granted, the defendants' motion for summary judgment is denied. As for plaintiff's third

claim it is the finding of this court that the assessment of March 15, 1957 was timely, and that the liability for the assessment was not discharged by the decedent's bankruptcy. The case will proceed to trial for a determination as to whether the decedent was under an obligation to collect and pay over the taxes in question and whether he willfully failed to do so.

Settle an order consistent herewith on or before ten (10) days from the date hereof.