**WILSON v. WILSON et al.**

No. 5214.

Circuit Court of Appeals, Fourth Circuit.

March 31, 1944.

J. Alex. Neely, Jr., of Anderson, S. C., for appellant.

Louise Foster, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Robert N. Anderson, and Mills Kitchin, Sp. Assts. to Atty. Gen., and O. H. Doyle, U. S. Atty., of Anderson, S. C., on the brief), for appellees W. P. Bowers, Collector of Internal Revenue for the State of South Carolina, and Guy T. Helvering, Commissioner of Internal Revenue.

Alfred F. Burgess, of Greenville, S. C., for appellee Clarice T. Wilson.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a suit instituted to obtain a declaratory judgment as to federal tax liability. The suit was instituted by the plaintiff, W. H. Wilson, against his wife and daughter, who were alleged to own interests with him in a business partnership, two other persons alleged to own interests in the partnership, and the Commissioner of Internal Revenue of the United States and the Collector for the District of South Carolina, who were alleged to have notified plaintiff that they proposed to assess income taxes against him on the basis that he was the owner of the interests in the partnership alleged to belong to his wife and daughter. The prayer for relief was as follows:

"That the Court find and determine who are the partners of W. H. Wilson Company and the percentage ownership of each and if any of the defendants are found not to be partners that the plaintiff have judgment against them for the portion of the income previously paid to them and that the defendant Guy T. Helvering, Commissioner of Internal Revenue, and W. P. Bowers, Collector of Internal Revenue for the State of South Carolina, be required to tax the members of the partnership in accordance with the findings of this Court; and for such other and further relief as to the Court may seem just and equitable."

Answers filed by plaintiff's wife and daughter admitted the interests in the

partnership to be as alleged by plaintiff, and no controversy with respect thereto was raised by either of the other defendants who were alleged to own interests. The suit manifestly had no purpose other than to obtain a judgment declaratory of the interests in the partnership owned by Wilson and his wife and daughter so that it would be binding upon the Commissioner and Collector in assessing and collecting taxes on the partnership income. The prayer of the complaint was that the Commissioner and Collector "be required to tax the members of the partnership in accordance with the findings of the Court". There can be no question but that, this being its purpose, the suit was properly dismissed.

■ In so far as the suit sought a declaratory judgment, it is clear that this was sought as to a controversy which existed with respect· to liability for federal taxes. The federal courts are given power to render declaratory judgments only in cases of "actual controversy", and there was no controversy of any sort here except with respect to liability for federal taxes on the partnership income. Such a controversy, however, could not serve as a basis for a declaratory judgment because of the express inhibition of the statute, 28 U.S.C.A. § 400, which provides:

"(1) In cases of actual controversy *(except with respect to federal taxes)* the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such." (Italics supplied.)

■ In so far as the suit sought to require the Commissioner and Collector to tax the members of the partnership in accordance with the findings of the court, it was a suit to control them in the discharge of their official duties and hence a suit against the United States with respect to a matter as to which it had not consented to be sued. Ferris v. Wilbur, 4 Cir., 27 F.2d 262, 264; Appalachian Electric Power Co. v. Smith, 4 Cir., 67 F.2d 451, 457; Morrison v. Work, 266 U.S. 481, 488, 45 S.Ct. 149, 69 L.Ed. 394. If, moreover,

the prayer asking such relief be construed as asking a writ of mandamus, the court was without power to grant such relief. Appalachian Electric Power Co. v. Smith, supra; Branham v. Langley, 4 Cir., 139 F.2d 115. If it be construed as asking a mandatory injunction, the suit was expressly forbidden by statute. 26 U.S.C.A. Int.Rev.Code, § 3653.

The Congress has provided ample machinery for the settlement of income tax controversies. [1] If dissatisfied with the assessment made by the Commissioner, the taxpayer may, without paying the tax, petition the Tax Court for a redetermination, 26 U.S.C.A. Int.Rev.Code, § 272, or he may pay the tax, file claim for refund and sue to recover the tax if the claim is denied, 26 U.S.C.A. Int.Rev.Code, §§ 3770–3772. There is no provision, however, for suit against the Commissioner or Collector in advance of assessment for the purpose of controlling their official actions; and in the nature of things there ought not be any such provision. The collection of the public revenues would be greatly disturbed and hindered, if the Commissioner and the various collectors were subject to control in the exercise of their duties by suits of this character.

There was no error, and the order dismissing the suit will be affirmed.

Affirmed.