## COMMISSIONER OF INTERNAL REVE-NUE v. PROCTER.

### No. 5215.

Circuit Court of Appeals, Fourth Circuit.

April 11, 1944.

Rehearing Denied May 31, 1944.

Carlton Fox, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen, and Sewall Key and J. Louis Monarch, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

Thomas H. Fisher, of Chicago, Ill., for respondent.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is a petition to review a decision of the Tax Court holding that no gift tax could be assessed upon a transfer by one Frederic W. Procter of the remainder interests in two trust estates, which had been

assigned by him as security to certain promissory notes. The facts are not disputed and are as follows:

Taxpayer held interests in four separate trusts which had been created by his grandfather. On January 13, 1939, he was indebted to his mother in the sum of $686,-300.03, evidenced by seven promissory notes payable on demand, which had been secured by the assignment of his interest in all four of the trusts, and which expressly provided that his interest in the trust property might be sold and the proceeds thereof applied in payment of the notes if he should fail to pay them on demand. On that date, he entered into an agreement with his mother, by which it was provided that further interest on the notes was waived, that his interest in two of the trusts was released from the lien of the assignment and that the holders of the notes should have recourse, by virtue of the lien of the assignment or by execution on any judgment obtained on the notes, only against the two remaining trusts, in which he held remainder interests in property subject to the life estate of his mother. At the same time, he executed a trust indenture assigning to trustees his interest in these two remaining trusts, providing that upon the death of his mother the trustees should pay therefrom the amount due on the notes if any of them should then remain unpaid, should pay to him during his lifetime the income from what should remain of the corpora of the trusts and should deliver to his children, or their representatives, at his death the corpora remaining in their hands at that time. It is this gift to the children of the taxpayer which is said to be subject to the gift tax.

While the interest on the notes was waived after January 13, 1939, there was no provision extending the time for payment after that date; and it appears that on June 1, 1942, the taxpayer's mother demanded payment of the notes and that taxpayer instituted suit against her in the Southern District of New York alleging that they were void and asking that she be enjoined from transferring them. The Tax Court found specifically that there was no agreement to postpone demand and collection of the notes, and, while it made no express finding as to their validity, it treated them in its decision as valid.

One of the trusts here involved was created by the grandfather of taxpayer in a trust indenture executed in the year 1914; the other was created by his grandfather's will. On January 13, 1939, the value of the corpus of the first was $928,593.70, that of the second was $961,552.68. Taxpayer was 36 years of age at that time and his mother 63. In both trusts he had a vested remainder after the life estate of his mother, subject to be divested, however, if he died before her. In the second trust, the remainder was subject to the additional condition that he should have attained the age of 40 years at his mother's death.

It was stipulated that the present worth of $1 due at the death of a person aged 36, provided that a person aged 63 shall have died before the person aged 36, is $0.25152, and that its present worth, upon the additional condition that the death of the person aged 36 occur after four years is $0.24883. There was no stipulation or finding, however, as to the present worth of $1 due at the death of a person age 63 years, provided a person aged 36 years should survive.

The Commissioner computed the gift tax by subtracting the amount of the debt from the corpus of the first trust, and finding the present worth of the remaining portion and the entire corpus of the second trust based upon the above formulae as to the present worth of $1 payable at the death of a person 36 years of age etc., i. e. $0.25152 and $0.24883. The Tax Court, before subtracting the amount of the debt, found the present worth of the corpora of both trusts by the application of the same formulae, which were appropriate only for finding the present worth of property available at the death of taxpayer and were not appropriate when the property was available at the death of his mother. As the value of the present interest in the corpora of the trusts thus calculated was less than the amount of the debt secured by the assignment of taxpayer's interest in the trusts, the court held that the gift had no value and was therefore not subject to tax.

The question which confronts us at the outset is how property which has been pledged or assigned as security for a debt and is afterwards made the subject of gift should be valued for the purposes of the gift tax (i. e. whether the debt should be deducted from the value of the property or not); but the Tax Court has decided that the value for purposes of gift taxation is the excess of the value of the

property pledged or assigned over the debt. Jackman v. Commissioner, 44 B.T. A. 704. The rule is not one of law, but one for arriving at a conclusion of fact, the value of the property given; and, in view of the fact that there is nothing here to show that the debt could have been paid otherwise than out of the trust property, we cannot say that the Tax Court was guilty of error of law in following it in this case. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239.

■ Since there was no agreement to postpone collection of the notes until after the death of taxpayer's mother, there was no basis upon which the action of the Commissioner in deducting the amount of the debts from the corpora of the trusts and finding the present value of what remains can be sustained. If there had been such agreement, the position of the Commissioner would have been correct; for the debt chargeable against the corpora of the trusts would not have been payable until the trust property should have become available to taxpayer for payment thereof; and, in that event, it would have been the difference between the two that would have been the subject of the gift to take effect at taxpayer's death. As the collection of the debt was not postponed, however, the amount thereof must be deducted, not from the future value, but from the present value of the property pledged as security; for it is only by such deduction that the value of the property given at the time of the gift can be ascertained. The present value of the taxpayer's interest in the property, however, should have been ascertained, not with reference to his death, but with reference to his mother's death, for it was then that he became entitled to the property. We are told that the present worth of $1 at the death of his mother was $0.56445, or $0.55377 when the additional condition is present that he attain the age of forty years.

The Tax Court was in error in holding that the present value of the corpora of the trusts should have been ascertained with reference to the death of taxpayer rather than with reference to the death of his mother. It held in effect that the value of the gift must be calculated upon the hypothesis that the taxpayer's interest in the property would not become available for the payment of the notes until his death. There is no evidence of any sort to support any such hypothesis. The evi-

dence is undisputed that the notes were payable upon demand and that the taxpayer's interest in the properties was subject to sale at any time upon default in the payment of the notes. It is therefore clear that so much of the value of the taxpayer's interest available at the time of the gift should be set off against the notes as would be sufficient to extinguish them. What remains is the value of the property in which the taxpayer reserved the income for the term of his life and which is given to his children at his death. The value of this remainder at the date of the gift should be calculated with reference to the date of the taxpayer's death.

■ If it be assumed, to illustrate, that the present worth of the right to receive $1 at the death of the mother was $0.56445 (as we are assured by government counsel is correct) the present worth of the corpus of the first trust as of January 15, 1939, was $524,144.71. This amount set off against the amount of the notes, $686,300.03, would leave a balance of $162,155.32. Using the figures $0.55377 as representing the present worth of $1 payable at the death of the mother, provided taxpayer had attained the age of 40 at that time, it is clear that $292,820.70 of the corpus of the second trust (i. e. $162,155.32 ÷ $0.55377) would have to be set off against the notes, leaving a balance of the corpus of $668,731.98 as representing the value of property from which the taxpayer would receive income during his life and which would go to his children at his death. The present worth of this should be found by applying the formula .24883; and this would be the amount subject to the gift tax. What is said in this paragraph is of course said merely for the purpose of illustrating the rule laid down in the preceding paragraph. It is for the Tax Court, not for us, to find the correct formulae and apply them to the facts.

■ Taxpayer contends that the decision of the Tax Court should be affirmed on the additional grounds: (1) that the interest subjected to the gift tax would be subject to estate tax upon taxpayer's death and hence is not subject to gift tax; (2) that the interest of taxpayer in the trusts is of too contingent a character for a gift thereof by him to be subject to the gift tax; and (3) that, under Item eleventh of the trust indenture, the gift was not to become effective if subject to a gift tax. Little need be said as to the first two points.

They are completely answered, we think, by the decisions of the Supreme Court in Smith v. Shaughnessy, 318 U.S. 176, 63 S. Ct. 545, 87 L.Ed. 690, and Robinette v. Helvering, 318 U.S. 184, 63 S.Ct. 540, 87 L.Ed. 700. With respect to the second point, it might be noted, also, that the interest of taxpayer in the property given was not a contingent remainder as argued in taxpayer's brief, but a vested remainder subject to be divested; but, under the decision in the Shaughnessy case, this distinction is immaterial. The third point is based upon the following provision of the trust indenture making the gift, viz.:

"Eleventh: The settlor is advised by counsel and satisfied that the present transfer is not subject to Federal gift tax. However, in the event it should be determined by final judgment or order of a competent federal court of last resort that any part of the transfer in trust hereunder is subject to gift tax, it is agreed by all the parties hereto · that in that event the excess property hereby transferred which is decreed by such court to be subject to gift tax, shall automatically be deemed not to be included in the conveyance in trust hereunder and shall remain the sole property of Frederic W. Procter free from the trust hereby created."

We do not think that the gift tax can be avoided by any such device as this. Taxpayer has made a present gift of a future interest in property. He attempts to provide that, if a federal court of last resort shall hold the gift subject to gift tax, it shall be void as to such part of the property given as is subject to the tax. This is clearly a condition subsequent and void because contrary to public policy. A contrary holding would mean that upon a decision that the gift was subject to tax, the court making such decision must hold it not a gift and therefore not subject to tax. Such holding, however, being made in a tax suit to which the donees of the property are not parties, would not be binding upon them and they might later enforce the gift notwithstanding the decision of the Tax Court. It is manifest that a condition which involves this sort of trifling with the judicial process cannot be sustained.

The condition is contrary to public policy for three reasons: In the first place, it has a tendency to discourage the collection of the tax by the public officials charged with its collection, since the only effect of an attempt to enforce the tax would be to defeat the gift. In the second place, the effect of the condition would be to obstruct the administration of justice by requiring the courts to pass upon a moot case. If the condition were valid and the gift were held subject to tax, the only effect of the holding would be to defeat the gift so that it would not be subject to tax. The donor would thus secure the opinion of the court as to the taxability of the gift, when there would be before the court no controversy whatever with the taxing authorities which the court could decide, the only possible controversy being as to the validity of the gift and being between the donor and persons not before the court. Cf. Lord v. Veazie, 8 How. 251, 12 L.Ed. 1067; Van Horn v. Kittitas County, C.C., 112 F. 1. As was well said by Chief Justice Taney in Lord v. Veazie, supra [8 How. 255, 12 L.Ed. 1067]:

"It is the office of courts of justice to decide the rights of persons and of property, when the persons interested cannot adjust them by agreement between themselves,—and to do this upon the full hearing of both parties. And any attempt, by a mere colorable dispute, to obtain the opinion of the court upon a question of law which a party desires to know for his own interest or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehended, and treated as a punishable contempt of court."

In the third place the condition is to the effect that the final judgment of a court is to be held for naught because of the provision of an indenture necessarily before the court when the judgment is rendered. It should be remembered that it is not possible to obtain a declaratory judgment from a federal court as to whether the gift in question is subject to the gift tax. 28 U. S.C.A. § 400; Wilson v. Wilson, 4 Cir., 141 F.2d 599. The only way, therefore, in which it could be determined by "final judgment" of a federal court of last resort that any part of a transfer was subject to a gift tax would be for a tax to be assessed by the Commissioner and upheld by such court in the course of legal proceedings instituted for its enforcement or for its recovery after payment. This final judgment would fix the liability of the donor for the tax; and only then could the condition become operative. The con-

dition, however, could not be given the effect of invalidating a judgment which had been rendered when the instrument containing the condition was before the court, since all matters are merged in the judgment. To state the matter differently, the condition is not to become operative until there has been a judgment; but after the judgment has been rendered it cannot become operative because the matter involved is concluded by the judgment.

For the reasons stated, the decision of the Tax Court will be reversed, and the case will be remanded to it for further proceedings not inconsistent with this opinion.

Reversed and remanded.

### On Petition for Rehearing.

PER CURIAM.

We have given careful consideration to the petition for rehearing filed in this cause and find no occasion either to grant a rehearing or to modify our decision as expressed in the opinion.

Complaint is made of the computation made in the opinion by way of illustration for the guidance of the Tax Court. We see no reason to modify that computation. The first problem is to find what part of the corpora of the estates, available only at the death of taxpayer's mother for the payment of his debts, should be deducted on account of the indebtedness presently due for the security of which taxpayer's interest in the trusts had been assigned. Assuming the formulae used to be correct, the computation shows correctly what this deduction should be. The remainder is the amount upon which taxpayer has reserved the income for the term of his life after the death of his mother, and the principal of which he has given at this death to his children. It is not necessary to consider that the mother is to receive the income of the entire property during her life; for deduction is made with respect to the property available at her death, the deduction being of a sufficient amount thereof to provide a present value sufficient to extinguish the debts. The second problem is to find the present value of the gift to the children. This is manifestly the present value of the corpora of the estates left after deducting what is necessary to extinguish the debts, this present value to be computed with respect to the death of the taxpayer. The taxpayer's expectancy includes his mother's expectancy; and it is accordingly necessary to use only the factor which determines the present worth of property at his death. To state the matter differently: After the amount necessary to extinguish the debts is deducted from the corpora of the estates, the remainder represents an amount which will be available at the mother's death to pay income to taxpayer during the remainder of his life and which will go to his children under the terms of his gift at his death. As stated in the opinion, it is for the Tax Court, not for us, to find the correct formulae and apply them to the facts. The computations of the opinion are given merely by way of illustration of the rule to be applied.

Complaint is made that we have stated that the interest of taxpayer in the property given was a vested remainder subject to be divested, whereas it is contended that in the case of the inter vivos trust it was a contingent remainder. In the indenture of trust making the gift to his children, taxpayer describes his interest under the inter vivos trust as well as the other as "a vested future estate subject to be divested". It is not necessary to decide which description of the estate is correct under the applicable law, since, as pointed out in the original opinion, whichever is correct, the gift is clearly taxable under the decisions of the Supreme Court in Smith v. Shaughnessy, 318 U.S. 176, 63 S.Ct. 545, 87 L.Ed. 690, and Robinette v. Helvering, 318 U.S. 184, 63 S.Ct. 540, 87 L.Ed. 700. See also Treasury Regulations 79, art. 11. In valuing the interests which are the subject of gift for the purposes of taxation, the Tax Court will, of course, apply the proper actuarial formulae to take care of any of the contingencies affecting the interests given.

Petition denied.