**NOLAND v. WESTOVER et al.**

No. 11978.

United States Court of Appeals
Ninth Circuit.

Feb. 11, 1949.

Rehearing Denied March 8, 1949.

William D. Noland, in pro. per.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Philip R. Miller and Melva M. Graney, Sp. Assts. to Atty. Gen., James M. Carter, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellees.

Before STEPHENS, BONE and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

William D. Noland, plaintiff-appellant, personally and in the capacity of a trustee of a charitable trust entitled "Dr. William D. Noland Trust Estate, Ltd.", appeals from a summary judgment in favor of Harry C. Westover, Collector of Internal Revenue at Los Angeles, California, (Sixth Collection District of California), a defendant-appellee, and against Noland in each capacity alleged, and from a summary judgment in favor of George D. Martin, Norman Hayward, Raymond B. Sullivan, and John H. Cramer, all Internal Revenue Agents in the Collector's office, defendants-appellees, and against Noland in each capacity alleged. Each of the judgments was for the

dismissal of the complaint in the case with costs.

William D. Noland is a Doctor of Chiropractic who does not claim to be a lawyer, but appears herein for himself in each of the capacities above stated. In attempting to handle technical tax and trust matters he has ventured far beyond his knowledge and has made it difficult if not impossible for courts to consider and adjudicate upon the merits of his claims.

The organization entitled "Dr. William D. Noland Trust Estate, Ltd.," herein called the "Trust", purports to be formed for and it is alleged that for the period in suit it has been conducted as a benevolent charity trust.

According to the terms of the trust, Dr. Noland, in his professional capacity, works under the management of the trust for the benefit of poor people and especially for poor children. Money received for his services belong to the trust and only sufficient funds for him with his living needs are paid to the doctor-donee.

The burden of the complaint is that certain books and records of the trust were examined on or about July 6, 1942, by Norman Hayward, one of the revenue agents named as defendant, and that property of the trust has been by him "fraudulently confiscated and assigned, transferred and delivered to the account of William D. Noland personally" which has caused unlawful income tax assessments and penalties to be laid against him. The additional taxation referred to was for the years 1937-1941 inclusive. Shortly after going over the books, Hayward demanded and Noland paid $80.45 additional tax for the year 1937, and the trustees paid $35.64 in error for the tax year of 1942. (It appears that Hayward went over the books of the trust and assigned certain income charged to the trust to the personal account of Dr. Noland.)

On June 26, 1945, defendants Martin and Cramer addressed a letter to the trust with statements attached dated November 3, 1944, showing further "confiscations" from the trust and demanding that Noland personally pay additional income tax for the year 1942, and on January 26, 1945, an additional tax was demanded. On December 29, 1945, the Collector of Internal Revenue sent Dr. Noland a notice of tax due for the year 1943. Other demands for taxes have been made by the Collector of Internal Revenue from the trustees. Dr. Noland denies owing the taxes demanded, claiming the income taxed belonged to the benevolent trust and is not taxable under § 167, Internal Revenue Code, 26 U.S.C.A., but that § 23(a) (1) and (0) (2) and § 120 Internal Revenue Code, 26 U ^ C.A., apply.

Each of the defendants made a motion for summary judgment and each of said motions was granted.

■ Collector Westover's affidavit is to the effect that he assumed office July 1, 1943, and never did collect or receive any tax funds from complainants, and was uncontradicted. Defendants Martin, Sullivan and Cramer showed, by affidavit, that they have never received or collected taxes from complainants. Hayward's affidavit is to the effect that on July 6, 1942, he received $80.45 as income taxes for 1937, and paid the sum over to the then Collector of Internal Revenue, and has never received any other sum from or for complainants.

The showing is sufficient to support the judgments for summary judgment.

■ The only definite relief asked is for a declaratory judgment, but the statute authorizing the district court to render a declaratory judgment does not authorize its application in controversies in respect of tax problems. 28 U.S.C.A. § 2201; Red Star Yeast & Products Co. v. La Budde, 7 Cir., 83 F.2d 394; Wilson v. Wilson, 4 Cir., 141 F.2d 599.

■ There is a prayer for such relief as the court may deem proper. It is clear that no judgment for refund of taxes paid can be made under this general prayer. Section 3772 (a) of the Internal Revenue Code, 26 U.S.C.A., provides that a claim for refund must be filed with the Collector of Internal Revenue in accordance with law, and Section 322 (b) (1) of the Internal Revenue Code, 26 U.S.C.A., provides that the claim for refund must be made within three years from the filing of the taxpayer's return, or within two years from payment of the tax. The only payments

for which claims for refund have ever been made were on behalf of Dr. Noland, personally and as a trustee, for the sum of $85.45 for tax paid July 6, 1942, to defendant-appellee Hayward for delivery to the Collector, and for the sum of $35.64 allegedly paid in error by trustees of the trust for 1942 taxes. Both of these sums were paid more than three years prior to the filing of refund claims on March 15, 1943. The claims were not timely.

There are other circumstances which make it impossible for a court to grant relief under the complaint.

Affirmed.