## KYRON FOUNDATION, Inc., v. DUNLAP.

### C. A. No. 424–52.

United States District Court
District of Columbia.

Dec. 19, 1952.

Albert Philipson, Washington, D. C., for plaintiff.

Frank H. Strickler, Asst. U. S. Atty., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The sole issue presented here is whether this Court has jurisdiction to determine the question whether the plaintiff is entitled to be exempt from any or all income taxes under § 101, paragraph 6 of the Internal Revenue Code, Title 26, U.S.C.A. § 101. It would seem to the Court that the Declaratory Judgment Act expressly withholds such jurisdiction from the District Courts.

Title 28, U.S.C.A. § 2201, provides, "In case of actual controversy within its jurisdiction, *except with respect to Federal taxes,* any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." [Emphasis supplied.]

It thus appears that expressly excepted from the jurisdiction which this Court has been given by the Congress in Declaratory Judgment procedure is the right to determine controversies "with respect to Federal taxes". If this Court is to hold in the face of that provision of the statute that it has jurisdiction to determine whether plaintiff here is exempt from the payment of Federal income taxes, it would mean that this Court would be legislating by judicial determination. No case has been called to the Court's attention precisely in point involving the matter of exemption which is in issue here. There have been other cases which throw some light on the issue such as Los Angeles Soap Co. v. Rogan, D.C., 14 F.Supp. 112, affirmed, 9 Cir., 90 F.2d 1012; Noland v. Westover, 9 Cir., 172 F.2d 614; Commissioner of Internal Revenue v. Procter, 4 Cir., 142 F.2d 824, 154 A.L.R. 1215.

Plaintiff has called the Court's attention to the case of Gully v. Interstate Natural Gas Co., 5 Cir., 82 F.2d 145. However, that case involved the matter of state taxes and the language under consideration here specifically refers only to the matter of Federal taxes.

The Court concludes, therefore, that the motion to dismiss the complaint as amended should be granted.