**The JOLLES FOUNDATION, Inc., Plaintiff,**

v.

**Donald R. MOISEY, Individually and as District Director Internal Revenue Service, Defendant.**

United States District Court
S. D. New York.

Nov. 9, 1956.

Meleney, Mitchell & Dick, New York City, James G. Mitchell, New York City, of counsel, for plaintiff.

Paul W. Williams, U. S. Atty., Southern Dist. of New York, New York City, Miriam R. Goldman, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

Plaintiff a New York membership corporation, sues for a declaratory judgment that it has been wrongfully deprived of tax exempt status and for incidental injunctive relief. The defendant, the District Director of Internal Revenue for the Lower Manhattan District, has moved to dismiss the complaint on the ground of lack of jurisdiction over the subject matter, or in the al-

ternative for failure to state a claim upon which relief can be granted, Rule 12 (b) (1) and 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.

Plaintiff, prior to 1952, had enjoyed a tax exempt status under Section 101 (6) of the Internal Revenue Code of 1939 as amended, 26 U.S.C. § 101(6), as an exclusively charitable enterprise for the relief and rehabilitation of victims of war in China and other countries. But in May of that year, the certificate of incorporation was amended to permit the distribution and circulation of "literature of an educational or informative nature relative to historical matters, current events, international relations, foreign policies, political science, forms of government, civic and other educational material of similar nature." Because of this material change in plaintiff's form of organization, the Bureau of Internal Revenue terminated its ruling that plaintiff was entitled to tax exempt status, but advised plaintiff that after it had actively operated for a year under the amendment to its charter, its tax status would be retroactively reconsidered. The ruling upon this reconsideration, in April of 1955, was that the plaintiff did not qualify for tax exempt status as exclusively charitable or educational within the meaning of Section 501(c) (3) of the Internal Revenue Code of 1954, 26 U.S.C. § 501(c) (3) (corresponding to the provisions of section 101(6) of the Internal Revenue Code of 1939).

The Declaratory Judgments Act, 28 U.S.C. § 2201, expressly excepts from the jurisdiction of this court the power to determine controversies "with respect to Federal taxes". Whether or not there exists a "case of actual controversy" under that Act, any controversy which could possibly grow out of the complaint is one relating to federal taxes. This court, accordingly, may not determine whether or not the plaintiff is entitled to a tax exempt status. Kyron Foundation, Inc., v. Dunlap, D.C., 110 F.Supp. 428. Cf., Taylor v. Allan, 10 Cir., 204 F.2d 485; Noland v. Westover, 9 Cir., 172 F.2d 614; Commissioner of Internal Revenue v. Procter, 4 Cir., 142 F.2d 824, 154 A.L.R. 1215; Wilson v. Wilson, 4 Cir., 141 F.2d 599; Merchant v. Wyeth, 8 Cir., 120 F.2d 242.

In addition to seeking a declaration that the defendant "by his exclusion of plaintiff's name from the list of organizations entitled under the provisions of [the] Statute to the privilege of tax exemption, has wrongfully and unlawfully deprived plaintiff of its property * * *", the plaintiff also seeks (1) to enjoin the defendant from excluding it from any list of organizations entitled to the privilege of tax exemption; (2) to enjoin the defendant from notifying any persons, directly or indirectly, that the plaintiff is not entitled to the privilege of tax exemption; and (3) to direct and enjoin the defendant to include the name of the plaintiff in any and all lists setting forth organizations entitled to the privilege of tax exemption. These items of relief manifestly have no purpose other than or different from a judgment declaratory of plaintiff's tax exempt status binding upon the District Director. They are merely details in execution of the declaratory judgment sought and equally outside the scope of this court's jurisdiction.

The motion to dismiss will be granted.