WACHOVIA BANK & TRUST COMPANY and Thurmond Chatham, Co-Executors of The Estate of Lucy Hanes Chatham

v.

UNITED STATES.

No. 330-54.

United States Court of Claims.

July 16, 1958.

H. G. Hudson, Winston-Salem, N. C., Vaughn, Hudson, Ferrell & Carter, Winston-Salem, N. C., J. Milton Cooper, William T. Stephens, Washington, D. C., Robert C. Vaughn and Thomas D. Carter, Winston-Salem, N. C., on the brief, for plaintiffs.

David R. Frazer, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., James P. Garland, Washington, D. C., on the brief, for defendant.

JONES, Chief Judge.

This case involves a question as to the proper valuation of certain business realty for purposes of determining the amount of the marital deduction to which plaintiff * is entitled under § 812(e) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e).

In 1929, decedent and her husband acquired the property in question to which they took title as tenants by entirety. Each spouse furnished one-half of the purchase price and one-half of the costs of improving the realty. The money was obtained partly from their individual funds and partly from a loan of $250,000 upon their joint note secured by a deed of trust on the property. When the decedent passed away in 1949, one-half of the market value of this realty equaled $252,500. One-half of the obligation remaining on the joint note secured by the deed of trust equaled $51,517.64. Under applicable state law, decedent's estate was liable to pay this latter sum and the decedent had directed in her will that the executors pay or provide for payment of "all debts, taxes, and other charges" against the estate. The executors did pay this sum from the decedent's separate general estate to the holder of the note.

On its estate tax return, the executors of the estate included the full market value of the decedent's one-half interest in the realty, i. e., $252,500, in determining the gross estate.[1] In determining the net estate, plaintiff then deducted the amount of the obligation which the estate owed on the joint note secured by the deed of trust as an "indebtedness" of the estate in respect to property under § 812(b) (4) of the code.[2] Plaintiff then

---

* Thurmond Chatham, a co-executor of the estate of Lucy Hanes Chatham, and one of the plaintiffs herein, died on February 6. 1957. Wachovia Bank and Trust Company is now the sole executor and sole plaintiff.

1. See § 811(e), Internal Revenue Code of 1939, 26 U.S.C.A. § 811(e).

2. "§ 812. Net estate.
"For the purpose of the tax the value of the net estate shall be determined, * * * by deducting from the value of the gross estate—
 * * * * *
"(b) Expenses, losses, indebtedness, and taxes.
"Such amounts—
 * * * * *
"(4) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, * * * *."

deducted (still in the computation of the net estate) the entire value of decedent's one-half interest in the realty, i. e., $252,-500, as a marital deduction under § 812 (e) (1) (E) (ii).[3] The Commissioner of Internal Revenue reduced the amount of this latter deduction by the amount of the incumbrance on the property passing to the surviving spouse for which the estate had previously taken a deduction as an indebtedness under § 812(b) (4).

Plaintiff paid the increased tax resulting from this action and now sues to recover that amount plus interest on grounds it was entitled to deduct the full value of the realty which was obtained by the surviving spouse, as the surviving tenant, without regard to the incumbrance which the estate had discharged. The sole issue is whether the Commissioner was correct in reducing the marital deduction by the amount of the incumbrance on the property under these circumstances. We think that he was not.

It is the plaintiff's position that if one makes a gift to another of property subject to an incumbrance, the value of the gift is merely the difference between the full value of the property and the amount of the incumbrance. But if the donor, at the same time he makes such a gift, discharges the incumbrance, the value of the gift is the full value of the property, that is, the value is unreduced by the incumbrance which has been discharged by the donor. This analysis would appear to be substantially correct and has authoritative support. Jackman, 1941, 44 B.T.A. 704; Commissioner of Internal Revenue v. Procter, 4 Cir., 1944, 142 F. 2d 824, 154 A.L.R. 1215; Estate of Gwinn, 1955, 25 T.C. 31.

The plaintiff then argues that since § 812(e) (1) (E) (ii) has adopted the standard of the gift taxation for the purpose of determining the value of the marital deduction with respect to incumbered property passing to the surviving spouse, the deduction, in the present case, must be the full value of the property (unreduced by the incumbrance) since the estate of the decedent was obligated to, and actually did, discharge the incumbrance, thereby increasing the value of the property received by the surviving spouse. In support of this position, plaintiff refers us to the following passage from the report of the Senate Committee on Finance which accompanied the Revenue Act of 1948 which act contained the present marital deduction provisions:

"Clause (ii) of such subparagraph (E) directs that in determining the value of any interest passing from the decedent to the surviving spouse, incumbrances or obligations shall be taken into account in the same manner as if the value of a gift to the spouse of the interest passing were being determined. * * * If the decedent by his will leaves to his surviving spouse real estate subject to a mortgage (whether or not such mortgage was a personal liability of the decedent) the value of the interest passing to the surviving spouse does not under this section include the mortgage. If, however, the decedent by his will directs the executor to pay off the mortgage, *such payment constitutes an additional interest pass-*

---

3. "(e) Bequests, etc., to surviving spouse.
"(1) Allowance of marital deduction.
"(A) In general.
"An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
* * * * *
"(E) Valuation of interest passing to surviving spouse.
"In determining for the purposes of subparagraph (A) the value of any inter-

est in property passing to the surviving spouse for which a deduction is allowed by this subsection—
* * * * *
"(ii) where such interest or property is incumbered in any manner, or where the surviving spouse incurs any obligation imposed by the decedent with respect to the passing of such interest, such incumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to such spouse of such interest were being determined."

*ing to the surviving spouse."* [Emphasis supplied.][4]

It is to be noted that if plaintiff's analysis is correct, the amount of the discharged obligation apparently will be deducted twice, once from the gross estate in arriving at the net estate, i. e., under § 812(b) (4) as an indebtedness of the estate in respect to property, and again under § 812(e) as an interest in property passing to the surviving spouse from the decedent. This "double deduction", according to the Government, was neither contemplated nor authorized by the Congress when it enacted the marital deduction provisions in 1948 and in support of this position we are again referred to the Senate report upon which plaintiff relies and from which we have quoted above:

"An interest in property does not pass to the surviving spouse from the decedent within the definition in section 812(e) (3) by reason of a claim against the estate, or any indebtedness, in favor of the surviving spouse for which a deduction is allowed by section 812(b). Neither the payments made in satisfaction of such a claim or debt nor the amounts expended in accordance with the local law for support of such surviving spouse during the settlement of the estate pass to such surviving spouse from the decedent within the meaning of section 812(e) (3)."[5]

To the same general effect are the regulations which define an interest received by the surviving spouse for which a deduction has been allowed under § 812(b) as a "nondeductible interest" for purposes of § 812(e).[6]

The limitation to which the above quotation has reference and upon which the regulations are based is found initially in § 812(e) (1) (A) which provides that the marital deduction shall be an amount equal "to the value of any interest in property *which passes or has passed from the decedent to his surviving spouse."* [Emphasis supplied.] In order to ascertain what interests "pass" within the meaning of this section, we must turn to § 812(e) (3) which provides that,

"For the purposes of this subsection an interest in property shall be considered as passing from the decedent to any person *if and only if*—

"(A) such interest is bequeathed or devised to such person by the decedent; or

"(B) such interest is inherited by such person from the decedent; or

"(C) such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent; or

"(D) such interest has been transferred to such person by the decedent at any time; or

"(E) such interest was, at the time of the decedent's death, held by such person and the decedent (or by them and any other person) in joint ownership with right of survivorship; or

"(F) the decedent had a power (either alone or in conjunction with any person) to appoint such interest and if he appoints or has appointed such interest to such person, or if such person takes such interest in default upon the release or nonexercise of such power; or

"(G) such interest consists of proceeds of insurance upon the life of the decedent receivable by such person." [Emphasis supplied.]

Concededly, the plaintiff in the present case was entitled to deduct, under § 812 (b) (4), the amount of the unpaid indebtedness on the property since it had included the property, unreduced by such indebtedness, in computing the gross es-

4. S.Rept. No. 1013, March 16, 1948, U.S. Code Congressional Service, 80th Cong., 2d Sess., Vol. 2, pp. 1227–1228.

5. S.Rept. No. 1013, March 16, 1948, U.S. Code Congressional Service, ibid., p. 1224.

6. 26 C.F.R. § 81.47b (1949 Ed.).

tate. The entire controversy is as to the amount of the marital deduction.

Within certain limitations which are not here relevant, an estate is entitled to deduct the actual value of property which has passed from the decedent to the surviving spouse. We think this is the plain intention of § 812(e) (1) (E) (ii) which refers to the gift tax standard for valuation of incumbered property. The rule there stated is a simple one: if the property received by the surviving spouse is incumbered by an obligation which has not been discharged, then, obviously, its value to the recipient is only the equity and the marital deduction is correspondingly reduced. But if the decedent's estate is obligated to discharge the incumbrance, and there are sufficient assets so that the incumbrance is actually discharged, the value of the property to the recipient is the full market value and there is no corresponding reduction in the amount of the marital deduction. Estate of Gwinn, 1955, 25 T.C. 31.

 The actual value of the property which was received by the surviving spouse was $252,500 in the instant case. Yet the Government would permit a deduction of only $200,982.36 for this property because, it says, the difference has already been deducted once under § 812 (b) (4). But the Government's argument fails to recognize that the deductions under § 812(b) and under § 812(e) serve two different functions and are not necessarily related. The deduction under § 812(b) is allowed to determine the actual value of the property which *is included in the decedent's estate.* The estate is equally entitled to deduct thereafter under § 812(e) the actual value of the property which *passes out of the estate* to the surviving spouse. To say that the latter deduction, in the circumstances of the instant case, is in any way equal to, or the same thing as, the former, simply defeats the purpose of the marital deduction as the following examples will illustrate.

If a decedent leaves property subject to an incumbrance, but makes a bequest to the surviving spouse of an amount of money equal to the incumbrance, where is the difference between that case and the present one insofar as the estate tax is concerned? In reality, there is none. In our example, the estate would be entitled to include the full value of the property in the gross estate. It would then equally be entitled to deduct the amount of the incumbrance on the property under § 812(b) (4) as an unpaid mortgage upon property (the value of the decedent's interest therein having been included in the gross estate undiminished by such mortgage). Under § 812(e), the estate could then deduct the value of the property received by the surviving spouse, which value would be reduced by the amount of the undischarged incumbrance under § 812(e) (1) (E) (ii). As a final step, the estate clearly could deduct the amount of money which equals the amount of the incumbrance as a "bequest" to the surviving spouse under § 812(e) (3) (A).

There has been no more a "double deduction" in our example than there is in the present case. An amount equal to the unpaid mortgage has been deducted twice, once under § 812(b) (4) and again as a bequest to the surviving spouse, yet we can hardly imagine the Government urging denial of the deduction of the bequest because an equal sum has been previously deducted in determining the actual value of the estate under § 812(b) (4).

Carrying our example one step further, suppose that, instead of making a bequest to the surviving spouse of an amount of money equal to the incumbrance, the decedent merely directs that the executors pay off the mortgage and the estate does so. This is the example given in the Senate report upon which plaintiff relies. Again we find the so-called "double deduction", but, as indicated by the report, the decedent's testamentary direction, if carried out, is quite as much a "bequest" to the surviving spouse as the bequest of an equal amount of money and an additional interest in the property passes to the surviving spouse. The result, for tax purposes, is, therefore, the same as in our first example and pre-

cisely the same as would be accomplished by permitting plaintiff the marital deduction claimed in the present case.

In the case at bar, there was no necessity for the decedent to make a bequest of that which the surviving spouse would necessarily obtain by operation of the local law. Indeed, it would be a contradiction in terms to say that one could make a "bequest" or "devise" of a debt. But we do not think Congress intended to penalize a taxpayer merely because he was resident in a state where the requirements of local law precluded his making a bequest or devise of an additional property interest to the spouse. Under the Government's theory of the case, a decedent in North Carolina, under the circumstances, would be precluded from gaining the full advantage of his marital deduction unless he paid all his debts prior to his death with respect to property which passed to his surviving spouse. We do not believe Congress intended such an arbitrary and inequitable result. We conclude therefore that the additional interest in the property in the present case was deductible under § 812(e)(1)(E) (ii), and the fact that an equal sum had been previously deducted under § 812(b) (4) is entirely immaterial.

There is nothing in our conclusion inconsistent with the quotation from the Senate report upon which the Government relies. We are not here dealing with an existing claim of the surviving spouse against the estate or a debt in his favor. Certainly, we agree, that the payment of such a claim or debt by the estate does not pass any interest at all to the surviving spouse for the simple reason that the survivor has obtained no more that he always had: his account receivable has merely been realized. But it is a far different thing to conclude from this, that the payment of a debt to a third person cannot pass an additional interest to the surviving spouse. To the extent that the regulations have reached such a conclusion, they must be disregarded as inconsistent with the statute.

■ Finally, the Government urges that, although the unincumbered portion of the property "passed" to the surviving spouse within the meaning of § 812(e) (3)(E) since it was held in joint ownership, the additional interest did not so "pass" by "bequest", "devise", or "inheritance" within the meaning of § 812 (e)(3) and is, therefore, nondeductible. In Lyeth v. Hoey, 1938, 305 U.S. 188, 194, 59 S.Ct. 155, 159, 83 L.Ed. 119, the Supreme Court held that these three terms are of the broadest possible connotation generally embracing "all acquisitions in the devolution of a decedent's estate." The additional interest in the present case was acquired by the surviving spouse as a result of the decedent's death and in the direct devolution of her estate. It, therefore, "passed" to him by "inheritance" within the meaning of § 812(e)(3) (B) and is deductible. See Estate of Rensenhouse, 1956, 27 T.C. 107 (dissenting opinion adopted on appeal, 6 Cir., 1958, 252 F.2d 566).

There is no basis, either in logic, policy, or in tax consequences, for adopting the Government's distinction between obligations of the estate in respect to property passing to the surviving spouse which are imposed by local law and those which are imposed by the decedent voluntarily. In either case, so long as the obligation is fulfilled, the estate is entitled to deduct the additional interest thereby passing to him.

Accordingly, plaintiff is entitled to recover, together with interest as provided by law, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.