Clinton H. MITCHELL and Clinton Mitchell Foundation, Appellants,

v.

R. A. RIDDELL, District Director of Internal Revenue, and United States of America, Appellees.

No. 22406.

United States Court of Appeals Ninth Circuit.

Oct. 24, 1968.

Rehearing Denied Nov. 19, 1968.
Certiorari Denied April 1, 1969.
See 89 S.Ct. 1223.

Clinton H. Mitchell (argued), Palm Springs, Cal., for appellants.

Gilbert E. Andrews, Jr. (argued), Asst. U. S. Atty., Mitchell Rogovin, Asst. Atty. Gen., Washington, D. C., Wm. Matthew Byrne, Jr., U. S. Atty., Jerry R. Stern, Asst. U. S. Atty., Los Angeles, Cal., Robert N. Anderson, Ann E. Belanger, Attys., Washington, D. C., for appellees.

Before JERTBERG and DUNIWAY, Circuit Judges, and TAYLOR,* District Judge.

JERTBERG, Circuit Judge:

Appellants, Clinton H. Mitchell and Clinton Mitchell Foundation (plaintiffs below), appeal from two orders of the District Court, one denying appellants' motion for a summary judgment, and the other granting the motion of appellees for dismissal of the action for lack of jurisdiction over the subject matter of the action.

On April 14, 1967, appellant, Clinton H. Mitchell, in pro per, filed a complaint in the district court, solely in his own name, against R. A. Riddell, a retired District Director of the Internal Revenue Service at Los Angeles. On August 25, 1967, on stipulation of counsel and approval of the district court, the appellant, Clinton Mitchell Foundation, was joined as a party-plaintiff on the ground that the Foundation was the real party in interest.

We have been unable to find in the record any order of the district court joining the United States of America as a party-defendant. In view of the provisions of 26 U.S.C. § 7422(f) (2),[1] we shall treat the United States of America as a party-defendant in this action, and as an appellee on this appeal. The United States of America makes no contention otherwise.

The complaint alleges that appellant, Clinton H. Mitchell, on January 1, 1963, established an *inter vivos* trust, retaining management in himself. The name or designation of the trust is not mentioned in the complaint.

The complaint further alleges that the trust instrument requires that the trust's entire net income, after specified life interests payable to Clinton H. Mitchell, be paid exclusively to, or for the use of, charitable purposes; that no tax deductions were claimed by Mitchell on his contributions to the trust; that in four years of operation, Mitchell has reported to the Internal Revenue Service over $17,000.00 given to charitable purposes and has claimed, under the reserved life interests, a total of only $1945.80; and that full reports of all operations of the trust have been duly filed.

The complaint purports to state two causes of action. In the first cause of action it is alleged that upon completion of the first year of operation of the trust, the Internal Revenue Service denied an application of Mitchell to have the trust declared a tax exempt organization, and requested that the trust report its income as a taxable organiza-

---

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

1. 26 U.S.C. § 7422(f) (2) reads, in pertinent part:
   "(2) *Misjoinder and change of venue.*—If a suit or proceeding brought in a United States district court against an officer or employee of the United States (or former officer or employee) or his personal representative is improperly brought solely by virtue of paragraph

(1), the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee as of the time such action commenced, upon proper service of process on the United States. Such suit or proceeding shall upon request by the United States be transferred to the district or division where it should have been brought if such action initially had been brought against the United States."

tion; that in the intervening years the Internal Revenue Service persisted in its refusal to recognize the trust as a tax exempt organization and persisted in its demand that the trust report its income as a taxable organization; that because Mitchell is over seventy-two years, and time is "running out," and in order to clarify tax status of the trust, Mitchell

> "did remit, on May 3, 1966, the sum of Ten Dollars to defendant, and included the statement that no tax was due for any time of operation, under the law, and calling for its refund, with reasons stated"; and

no reply to said demand has been made.

This cause of action prays the court to find "that defendant does owe him the refund of said ten dollars, as having been unlawfully demanded and accepted from plaintiff."

In the second cause of action plaintiff alleges that all income of the trust has been distributed as:

> "—in the case of an estate or a trust— paid to or permanently set aside for —exclusively charitable purposes— pursuant to terms of the governing instrument—any amount, without limitation—shall be allowed as a deduction—.
>
> (Sec. 642, Internal Revenue Code.)"

The prayer under the second cause of action is that the trust operations described in the complaint

> "be found within the tax exempt description of IRC Sec. 642, * * *, and/or any other applicable laws; and that defendant be found indebted to plaintiff in amount of said ten dollars, plus interest, for over-payment of income tac (sic) unlawfully demanded and accepted."

The record discloses that on September 29, 1967, the parties entered into a stipulation which, after reciting that the plaintiffs had brought the instant action for a refund of Federal taxes in the amount of ten and no/100 dollars ($10.-00), "which amount is not, and never has been, the subject matter of an assessment against the plaintiffs, either individually or jointly," and that "the defendant has agreed to refund to plaintiff Clinton Mitchell the said sum of ten and no/100 dollars ($10.00), receipt of which amount is hereby acknowledged by said plaintiff," provided:

> "1. Plaintiff Clinton Mitchell has been refunded the amount of ten and no/100 dollars ($10.00) referred to above;
>
> "2. Plaintiffs and defendant agree that the acceptance of said amount by Clinton H. Mitchell shall not be construed to preclude a later assertion that the Clinton Mitchell Foundation is a tax-exempt organization;
>
> "3. Plaintiffs and defendant agree that payment of said amount by defendant shall not be deemed to constitute an admission that the Clinton Mitchell Foundation is a tax-exempt organization."

By later written stipulation, Mitchell waived claim to the payment of any interest on said sum of $10.00.

Prior to the return of said sum of $10.00, plaintiffs filed a "Motion for Summary Judgment and Mandate," in which they prayed that the "charitable foundation be held tax-exempt," and "that such condition continue to apply during such time as they remain in compliance with pertinent and applicable codes and laws."

Prior to the filing of plaintiffs' motion, the appellees had moved for dismissal of the action upon the ground, inter alia, that the court lacks jurisdiction of the subject matter of the action.

The district court denied plaintiffs' motion for summary judgment, stating among other things:

> "First of all, the record is clear that plaintiffs, since the filing of this action, have received from the United States of America the sum of Ten Dollars ($10.00) and that plaintiffs have waived any statutory interest thereon. Therefore the Court need only determine whether or not this Court has jurisdiction of the remaining subject matter of the action.

Aside from the claim of plaintiffs for Ten Dollars ($10.00), which claim has been satisfied by the voluntary payment by United States of America to plaintiffs, plaintiffs seek declaratory relief decreeing that plaintiff Foundation is a tax-exempt Foundation. It appears from the stipulation of the parties on file herein, and from admissions of the individual plaintiff in open court, and from other documents and records in the case, that no assessment for income taxes has been levied against plaintiff Foundation.

"Inasmuch as plaintiffs are here seeking to secure declaratory relief with respect to taxes, something not permitted by Section 2201 of Title 28, United States Code, their motion for summary judgment must be denied."

In the order of the district court granting appellees' motion to dismiss the action, it is stated, among other things, that:

"It further appears from the record of the proceedings of the hearing on the motion to dismiss herein * * * that the sole relief which they [plaintiffs] seek now that payment of the Ten Dollars has been accomplished is the decree establishing that the plaintiff Foundation is a tax-exempt organization. It further affirmatively appears that plaintiffs do not intend to amend their complaint to allege that there has been any tax assessment by the United States against plaintiff Foundation, and they do not intend to amend their complaint to allege that there has been any payment by them or either of them, complete or partial, of any tax assessment against plaintiff Foundation by the United States. * * *

"It is clear that this action should be dismissed for lack of jurisdiction in the Court over the subject matter of the action where, as here, there is no longer pending before the Court the right of plaintiffs to recover the Ten Dollars ($10.00) heretofore voluntarily paid by plaintiffs to the Internal Revenue Service plus interest

thereon. Plaintiffs have received such Ten Dollar sum and have waived interest thereon.

"Title 28, United States Code, Section 2201, makes clear that there is no jurisdiction in this Court to declare the rights and other legal relations of plaintiffs or either of them with respect to federal taxes. * * *"

Appellants' basic contention on this appeal is that the dismissal of the action violated the due process clause of the Fifth Amendment, in that by such dismissal they have been foreclosed from judicial review of the action of the Internal Revenue Service in refusing to recognize the Foundation as a tax exempt organization. As a corollary they contend that the provision of 28 U.S.C. § 2201, interdicting controversies with respect to Federal taxes, is unconstitutional for the same reason.

■ The record is clear that the first cause of action set forth in the complaint, under which plaintiffs sought to recover the sum of $10.00 which they voluntarily remitted to the Internal Revenue Service, became moot on their acceptance of the voluntary payment of that sum by the Government, to them. Hence, the only issue before us on this appeal is whether the appellants are entitled to a declaratory judgment determining that the Foundation qualifies as a tax-exempt organization for Federal tax.

28 U.S.C. § 2201 provides:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

■ It appears undisputed in the record that no assessment for federal income taxes has ever been levied against

the Foundation, or against Clinton H. Mitchell as its alter ego. For such reason no "actual controversy" exists under the record before us. More important, however, is the interdiction "except with respect to Federal taxes," contained in the above quoted section. This Court, and other Circuit Courts, unanimously hold that under the specific terms of § 2201 the courts have no jurisdiction to enter declaratory judgments with respect to Federal taxes. See Mayer v. Wright, 251 F.2d 178 (9th Cir. 1958); Martin v. Andrews, 238 F.2d 552, 65 A. L.R.2d 543 (9th Cir. 1956); Noland v. Westover, 172 F.2d 614 (9th Cir.), cert. denied 337 U.S. 938, 69 S.Ct. 1515, 93 L.Ed. 1744 (1949); United States v. Teitelbaum, 342 F.2d 672 (7th Cir. 1965); England v. United States, 261 F.2d 455 (7th Cir. 1958); Carmichael v. United States, 245 F.2d 676 (5th Cir. 1957); Wilson v. Wilson, 141 F.2d 599 (4th Cir. 1944); Jolles Foundation, Inc. v. Moysey, 250 F.2d 166 (2d Cir. 1957); Sweeney v. United States, 285 F.2d 444, 152 Ct.Cl. 516 (1961); and Kyron Foundation, Inc. v. Dunlop, 110 F.Supp. 428 (D.D.C., 1952).

▮▮▮ Appellants here contend that the exception in respect to Federal taxes contained in § 2201, unconstitutionally deprives them of due process by denying them judicial review of the action of the Internal Revenue Service in refusing to recognize the Foundation as an exempt organization. There is no substance in such contention. No constitutional question is involved. The declaratory judgment Act is a creature of statute, and, as observed by the Supreme Court in United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941):

"The United States, as sovereign, is immune from suit save as it consents to be sued, United States v. Thompson, 98 U.S. 486, [25 L.Ed. 194]; United States v. Lee, 106 U.S. 196, [1 S.Ct. 240, 27 L.Ed. 171]; Kansas v. United States, 204 U.S. 331, [27 S.Ct. 388, 51 L.Ed. 510]; Minnesota v. United States, 305 U.S. 382, 387, [59 S.Ct. 292, 83 L.Ed. 235]; Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 388, [59 S.Ct. 516, 83 L.Ed. 784]; United States v. Shaw, 309 U.S. 495, [60 S.Ct. 659, 84 L.Ed. 888]. (see cases cited in The Pesaro, D.C., 277 F. 473, 474, et seq.) and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

The facts in the instant case are almost identical to the facts in Jolles Foundation, Inc. v. Moysey, supra. For the benefit of appellants, we quote extremely pertinent language appearing at 250 F.2d page 169 of that case:

"Quite apart from the question of whether there is an 'actual controversy' and the express exception in the Declaratory Judgment Act removing from the courts the power to declare rights 'with respect to Federal taxes,' the court cannot presume to speak for the Commissioner or take over his duty to pass upon the tax status of organizations applying for exemption. His duty is to decide whether the particular activities submitted to him justify exemption. He cannot be foreclosed by declaratory judgment from reviewing the purposes and activities of applicants for exempt status when and as they are presented to him for decision. The Foundation's own case illustrates the situation. In 1947 the facts warranted exemption; in 1952 a changed purpose brought termination. Its history and activities in 1954 did not produce any change of ruling but the Foundation may still avail itself of the right to show any change of activities and again seek exemption. A declaratory judgment upon the facts here set forth would serve no purpose. Nor is it the function of the courts to decide hypothetical future cases not yet in being. No judgment herein could be held to pre-adjudicate the issue of the Foundation's status for the future, thus stripping the Internal Revenue Service of its power to pass upon that question."

Appellants are not without a remedy. The Congress has provided ample machinery for the settlement of income tax controversies. In the event a tax is assessed against the Foundation, judicial review of such assessment may be sought under the provisions of 26 U.S.C. § 7422 by paying the tax and seeking a refund in the district court, or by petitioning the Tax Court of the United States, prior to paying the tax, and in the event of an adverse decision by the Tax Court by petitioning this Court to review the decision of the Tax Court.

Affirmed.