**A–MARK, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 76–1215–AAH.**

United States District Court, C. D. California.

March 7, 1977.

Aulana L. Peters, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., by Asst. U. S. Atty. Roger E. West, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

### FINDINGS OF FACT

I

Plaintiff filed the within action on April 14, 1976, seeking damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(c), 2671–2680. Plaintiff alleges that, in May, 1971, Steven Markoff, its president, voluntarily surrendered one United States silver dollar, dated 1893–S, to an agent of the United States Secret Service, in Los Angeles, California, for authentication as to its genuineness; that the coin, when surrendered, was numismatically graded as "Brilliant, Uncirculated, and Semi-Proof Like", and that, while the coin was in the possession of the United States Secret Service, and its agents, employees and representatives, it was severely damaged, resulting in a diminution, in the numismatic value of the coin, in the total amount of approximately $29,000.00.

II

Subsequent to its surrender by Mr. Markoff, the coin was forwarded to the Office of Technology, United States Bureau of the Mint. In August, 1971, a technical consultant to the Director of the Mint, after exam-

ining the coin, rendered his opinion that the coin was genuine but that the "S" mint mark was counterfeit. Because of this finding that the coin was not a genuine 1893 "S" silver dollar, the coin was detained by the United States Secret Service, a law enforcement entity, pending investigation into possible violations of Title 18, U.S.C. §§ 331 and 492, suspected to have occurred in connection with its possession and sale.

### III

The coin was then returned to the Los Angeles Office of the United States Secret Service, and Mr. Markoff was notified of the findings of the Director of the Mint. Mr. Markoff disputed the finding that the coin had been altered by the addition of the "S" mint mark, and asked that the coin be examined by an independent examiner, one Donald Benge. On January 31, 1972, Mr. Benge examined the coin in the Los Angeles Office of the United States Secret Service, and rendered his opinion that the coin was not altered, but rather was a genuine 1893–S United States silver dollar. The coin was undamaged when Mr. Benge performed his examination on January 31, 1972.

### IV

Subsequent to Mr. Benge's examination of the coin, it was again forwarded by the United States Secret Service for a second examination by the Bureau of the Mint in Washington, D. C. On April 13, 1972, the Secret Service informed the plaintiff that the second examination by Bureau of the Mint personnel resulted in the confirmation of the finding that the coin had been altered, and that the coin was contraband. Mr. Markoff was also notified on this date that the investigation into violations of the above cited code sections was continuing.

### V

Thereafter, the coin continued to be the subject of detention pending an investigation of a possible violation of 18 U.S.C. § 331, which provides criminal penalties for *inter alia*, the fraudulent alteration, mutila-

tion or falsification of United States coins. Upon the completion of the investigation, the coin was returned to the plaintiff, and plaintiff acknowledged the receipt of the coin, as well as the notification that the Bureau of the Mint had found the coin to be altered, and that any attempt to sell or to transfer the coin without full disclosure to the prospective purchaser of this finding would be viewed by the government as a transaction conducted with fraudulent intent.

### VI

The Court finds that even if the coin was in fact damaged by defendant, such damage could only have been incurred subsequent to the detention of the coin by law enforcement personnel of the United States Secret Service.

### VII

Any of the foregoing Findings of Fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

### I

### CONCLUSIONS OF LAW

As a sovereign, the United States of AMerica is immune from suit save as it consents, and the terms and conditions under which it consents to be sued define the limits of any Court's jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Mitchell v. Riddell*, 402 F.2d 842 (9th Cir., 1968). In enacting the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, Congress has waived this immunity with respect to certain torts, subject to certain restrictions, as well as exceptions set forth at 28 U.S.C. § 2680.

### II

This case arises from the detention of the 1893–S coin by law enforcement officers. While plaintiff voluntarily surrendered the coin to the United States Secret Service for an examination as to its authenticity, it is clear that the coin subsequently was de-

**140**

tained by the United States Secret Service, a law enforcement entity, which detention began on January 31, 1972. Even assuming, *arguendo*, that the alleged damage to the coin exists, and that this damage was inflicted by the defendant, the evidence before the Court demonstrates that such damage could only have been inflicted subsequent to the detention of the coin.

### III

■ This case thus falls squarely within the exception contained in 28 U.S.C. § 2680(c). *Chambers v. United States*, 107 F.Supp. 601 (D.Kan., 1952); *United States v. 1500 Cases, More or Less, etc.*, 249 F.2d 382 (7th Cir., 1957); *Akra Shipping Co. v. United States*, 363 F.Supp. 1220 (D.S.C., 1973); *United States v. Articles of Food, etc.*, 67 F.R.D. 419 (D.Idaho, 1975). The interpretation placed upon § 2680(c) by the Court in *Alliance Assurance Co. v. United States*, 252 F.2d 529 (2nd Cir., 1958) is not controlling upon this Court, and this Court concludes that the said interpretation is not in accord with the terms of the statute and should not be adopted or applied in this case. Indeed, it should be noted that even the Second Circuit, since *Alliance*, has stated that Section 2680(c) precludes a finding that the Federal Tort Claims Act waives federal immunity for damages for loss of illegally seized goods. See *United States v. Artieri*, 491 F.2d 440, at 446 fn. 2 (2nd Cir., 1974) *cert. denied*, 419 U.S. 878, 95 S.Ct. 142, 42 L.Ed.2d 118 (1974).

### IV

There exists herein no genuine triable issue of material fact, and defendant is entitled to judgment as a matter of law.

### V

This action must be dismissed by the Court for lack of subject matter jurisdiction.

### VI

Any of the foregoing Conclusions of Law deemed to be findings of fact are hereby incorporated into Findings of Fact.